# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2014

Lyle W. Cayce
Clerk

No. 14-30152

EVERETT CHARLES WILLS, JR.,

Plaintiff-Appellant

v.

A. L. DINKINS, JR.; MARILYN ROBERSON; D. K. DARBY; STEVE PRATOR,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana, Shreveport
USDC No. 5:12-CV-1976

Before DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Everett Charles Wills, Jr., now Louisiana prisoner # 391159, moves for leave to proceed in forma pauperis (IFP) on appeal to challenge the dismissal of his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Wills alleged that the restrictions imposed by his security status, segregation, handcuffing, and shackling whenever he left his housing unit, violated his right as a pretrial detainee to be free from cruel and unusual punishment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30152

When, as in this case, a district court certifies that an appeal is not taken in good faith under § 1915(a)(3), the appellant may either pay the filing fee or challenge the court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If we uphold the district court's certification that the appeal is not taken in good faith, the appellant must pay the filing fee or, alternatively, we may dismiss the appeal sua sponte under 5th Circuit Rule 42.2 if it is frivolous. *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

A condition or restriction of pretrial detention that constitutes punishment implicates the protection against the deprivation of liberty without due process. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A restriction is not punitive if it is "reasonably related to a legitimate governmental objective," such as "maintaining jail security." *Id.* at 539-40. Courts should ordinarily defer to the expertise of correctional officials. *Id.* at 540 n.23.

Wills's security status was based on the amount of his bond, $500,000, for a charge of second degree murder. He has not raised a nonfrivolous issue for appeal regarding whether the restrictions were not reasonably related to the jail's security interests and therefore punitive, particularly in light of the factors to be considered in determining the amount of bail and the deference owed to the correctional officials' judgment. *See Bell*, 441 U.S. at 539-40 & n.23; LA. CODE CRIM. PROC. ANN. art. 334(1), (2), (3), (5). Accordingly, Wills's motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

No. 14-30152

The dismissal of this appeal as frivolous counts as a strike under § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Wills has two other strikes. *See Wills v. Davis, et al.*, No. 5:96-CV-2836 (W.D. La. Mar. 31, 1997); *Wills v. Ott, et al.*, No. 5:96-CV-2879 (W.D. La. Apr. 17, 1997). As Wills has accumulated at least three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Wills is further warned that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions.

MOTION DENIED; APPEAL DISMISSED; § 1915(g) BAR IMPOSED.